THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARISTA RECORDS, INC. et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | |
| | Civil Action |
| v. | No. 03-2670 (JBS) |
| FLEA WORLD, INC., et al., | |
| | **OPINION** |
| Defendants. | |

APPEARANCES:

Karen A. Confoy, Esq.
STERNS & WEINROTH, P.C.
50 West State Street, Suite 1400
P.O. Box 1298
Trenton, NJ 08607-1298
     and
Patricia Benson, Esq.
Jeffrey D. Goldman, Esq.
Eric J. German, Esq.
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
     and
Stanley Pierre-Louis, Esq.
Karyn A. Temple, Esq.
RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC.
1330 Connecticut Avenue N.W., Suite 300
Washington, D.C. 20036-1725
     Attorneys for Plaintiffs

Matthew R. McCrink, Esq.
McCRINK, NELSON & KEHLER
475 Route 73 North
West Berlin, NJ 08091
     Attorney for Individual Defendants John Ackerman and Charles
     Pratt

Randolph Huis, Esq.
Ryan W. O'Donnell, Esq.
VOLPE AND KOENIG, P.C.
United Plaza, Suite 1600

30 S. 17th Street
Philadelphia, PA 19103
    Attorneys for Defendant Columbus Farmers Market, LLC

Geoffrey P. Hulings Esq.
Michael N. Onufrak, Esq.
WHITE AND WILLIAMS, LLP
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002-2220
    Attorney for Defendant Columbus Flea World, LLC,

**SIMANDLE**, District Judge:

This matter comes before the Court upon the motion of Defendants Columbus Flea World, LLC and Columbus Farmers Market, LLC to certify this Court's March 31, 2006 Opinion and Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  For the reasons discussed below, Defendants' motion will be denied.

## I.   <u>BACKGROUND</u>

Because the parties to this case are familiar with its underlying facts, the Court will include only a brief summary of the relevant facts.  Plaintiffs are fourteen member companies of the Recording Industry Association of America, a not-for-profit trade association whose member companies create, manufacture and/or distribute approximately 90 percent of all legitimate sound recordings sold in the United States.  The defendants in this motion are Columbus Flea World, LLC and Columbus Farmers Market LLC (the "Defendants").[1]   The Defendants own and/or

---

[1] Defendants' motion is brought by both the corporate defendants (Columbus Flea World, LLC and Columbus Farmers Market, LLC) and the individual defendants (John C. Ackerman and Charles F. Pratt).  Ackerman and Pratt, however, were not disadvantaged by this

operate the Columbus Farmers Market in Burlington County, New Jersey.  In a complaint filed in 2003, Plaintiffs allege that the flea market is a "pirate bazaar" where many of the flea market's vendors sell pirate and counterfeit compact discs ("CDs") and cassette tapes in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.  Plaintiffs allege that the Defendants (and others) are legally responsible for the direct infringement by the third-party vendors because the defendants (a) had knowledge of and materially contributed to the vendors' infringing activity (contributory infringement) or (b) had the ability to supervise and control the direct infringement and financially benefitted from it (vicarious liability).

In 2005, both Plaintiffs and Defendants moved for summary judgment.  On March 31, 2006, this Court issued an Opinion and Order (the "March Opinion and Order") granting Plaintiffs' motion for summary judgment in part and denying Defendants' motion for summary judgment, holding that Defendants (Columbus Flea World, LLC and Columbus Farmers Market, LLC) are liable for contributory and vicarious copyright infringement.  See Arista Records, Inc. v. Flea World, Inc., No. 03-2670 Slip Op. at 1 (D.N.J. March 31,

_____

Court's March 31, 2006 Opinion and Order, which denied Plaintiffs' motion for summary judgment with respect to them.  As such, Ackerman and Pratt lack standing to raise the issues that are the subject of this motion - i.e., whether this Court correctly found the corporate defendants liable for contributory infringement and vicariously liable for copyright infringement. Thus, the defendants' motion as to Ackerman and Pratt will be denied.

2006).   Defendants now move this Court to certify the Court's
March Opinion and Order for interlocutory review.

**II.   DISCUSSION**

Under 28 U.S.C. § 1292(b), interlocutory review is
appropriate (1) if the appeal involves a controlling question of
law; (2) there is a "substantial ground for difference of
opinion" about that question of law; and (3) immediate appeal may
materially advance the ultimate termination of the litigation.[2]
See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir.
1974).   This test is inclusive; to be successful a moving party
must demonstrate that all three criteria are met.   Interlocutory
appeal under Section 1292(b), however, is to be "used sparingly"
and only in "exceptional circumstances" that justify a departure
from the basic policy of postponing review until the entry of the
final order.   Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208

---

[2] Section 1292(b) ("Interlocutory decisions") states:

When a district judge, in making in a civil action an
order not otherwise appealable under this section, shall
be of the opinion that such order involves a controlling
question of law as to which there is substantial ground
for difference of opinion and that an immediate appeal
from the order may materially advance the ultimate
termination of the litigation, he shall so state in
writing in such order. The Court of Appeals which would
have jurisdiction of an appeal of such action may
thereupon, in its discretion, permit an appeal to be
taken from such order, if application is made to it
within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b).

(D.N.J. 1996) aff'd 141 F.3d 1154 (3d Cir. 1998)(citing 16 Charles A. Wright, et al., Federal Practice and Procedure, § 3929 at 132 (1977)).  As such, even if a moving party meets all three criteria under Section 1292(b), the district court may still deny certification as the decision is entirely within the district court's discretion.  See Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).

     **A.   Controlling Question of Law**

     The Court must first address whether Defendants have established the existence of a "controlling question of law."  In the Third Circuit, a "controlling question of law" is one that either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is  "serious to the conduct of the litigation either practically or legally."  See Katz, 496 F.2d at 755 (citations omitted); see Public Interest Research Group of N.J., Inc. v. Hercules, Inc., 830 F. Supp. 1549, 1554 (D.N.J. 1993).  Courts in this District have held that, although a question may appear to be a controlling question of law, questions about a district court's application of the facts of a case to established legal standards are not controlling questions of law for purposes of Section 1292(b).  See Link v. Mercedes-Benz of N. Am., Inc., 550 F.2d 860, 863 (3d Cir. 1977)(Section 1292 "is not designed for review of factual matters but addresses itself to a 'controlling question of law.'"); Kapossy v. McGraw-Hill, Inc.,

942 F. Supp. 996, 1001 (D.N.J. 1996).  Specifically, the <u>Hulmes</u>
court held that "Section 1292(b) was not designed to secure
appellate review . . . of the application of the acknowledged law
to the facts of a particular case . . . ."  936 F. Supp. at 210.

Defendants argue that they present three controlling
questions of law: (1) whether the Court properly adopted the
standard of vicarious liability for copyright infringement
established in <u>Fonovisa, Inc. v. Cherry Auction, Inc.</u>, 76 F.3d
259 (9th Cir. 1996)(hereafter "<u>Fonovisa</u>") and <u>UMG Recordings,</u>
<u>Inc. v. Sinnott</u>, 300 F. Supp.2d 993 (E.D. Cal. 2004)(hereafter
"<u>Sinnott</u>"); (2) whether the Court properly adopted the Ninth
Circuit's standard for determining contributory copyright
infringement (also in <u>Fonovisa</u>); and (3) whether the Court
properly found the two Defendants liable for contributory
infringement for works seized in the November 7, 2002 raid.
(Def.'s Br. at 3-4.)  According to Defendants, these three issues
are controlling questions of law "because the viability of
Plaintiff's theories of liability rest on the Court's
determination that <u>Fonovisa</u> and <u>Sinnott</u> control the outcome of
this case."  (<u>Id.</u> at 4.)

This Court disagrees and holds that Defendants have failed
to present a controlling question of law.  Defendants do not take
issue with the applicable legal standards this Court applied
regarding either vicarious liability or contributory copyright

6

infringement.  For example, with respect to the Court's analysis
of Defendants' vicarious liability, Defendants do not dispute
that the Court applied the well-settled standard for liability --
(1) that defendant has the right and ability to control the
infringing activity and (2) that the defendant has a direct
financial interest in such activities -- established in <u>Shapiro,
Bernstein & Co. v. H.L. Green Co.</u>, 316 F.2d 304, 307 (2d Cir.
1963) and <u>Gershwin Publ'g. Corp. v. Columbia Artists Mgmt, Inc.</u>,
443 F.2d 1159, 1161 (2d Cir. 1971).  With respect to the standard
of contributory infringement, again, Defendants do not appear to
dispute that the Court applied the Third Circuit's legal standard
that a defendant must (a) have knowledge of infringing activity
and (b) "induce, cause, or materially contribute to the
infringing conduct of another."  <u>Gershwin Publ. Corp.</u>, 443 F.2d
at 1162; <u>see also Columbia Pictures Indus., Inc. v. Redd Horne,
Inc.</u>, 749 F.2d 154, 160 (3d Cir. 1984).  Instead, Defendants take
issue with Court's application of the legal standard to the facts
of this case (i.e., applying the requirements for secondary
liability to the owners and operators of a flea market where
vendors sell counterfeit CDs and cassettes).  Section 1292(b),
however, may not be invoked to obtain review of whether a trial
court properly applied the law to the facts.

    Second, Defendants appear to be of the opinion that there is
some type of law applicable to flea markets that is different

from well-established principles of vicarious liability and contributory infringement.  There is not.  Neither the Ninth Circuit's holding in <u>Fonovisa</u> nor the Eastern District of California's holding in <u>Sinnott</u> adopted a new standard for vicarious liability or contributory infringement.  <u>Fonovisa</u>, 76 F.3d at 263; <u>Sinnott</u>, 300 F. Supp.2d at 1001-02. Instead, these courts simply applied well-settled law regarding secondary liability to owners and operators of flea markets.

### B.   Substantial Grounds for Difference of Opinion

Next, this Court must address whether Defendants have demonstrated the existence of a "substantial ground for difference of opinion."  The difference of opinion must be legally significant (e.g., multiple courts disagree as to the applicable legal standard), not merely a difference of opinion as to the court's discretionary findings or conclusions.  <u>See</u> <u>Kapossy</u>, 942 F. Supp. at 1001.[3]  A moving party's citation to numerous conflicting and contradictory opinions on the same issue, for example, can justify a district court's conclusion that substantial grounds for a difference of opinion exists.  <u>See</u> <u>White v. Nix</u>, 43 F.3d 374, 378 (8th Cir. 1994); <u>see also</u> <u>Oyster v. Johns-Manville Corp.</u>, 568 F. Supp. 83, 88 (E.D. Pa. 1983).

### 1.   Defendants' Argument

---

[3] <u>See</u> <u>Harter v. GAF Corp.</u>, 150 F.R.D. 502, 518 (D.N.J. 1993)(A substantial ground for difference of opinion exists when a moving party demonstrates that the court applied one legal standard and that "other courts have substantially differed in applying that standard.")

Defendants argue that there is a substantial ground for
difference of opinion because (1) there is no controlling Third
Circuit precedent and (2) "very little authority nationwide on
the question of under what circumstances an operator of a flea
market can be held liable for vicarious or contributory copyright
infringement based on the activities of flea market vendors."
(Def.'s Br. at 5.)  Defendants first argue that there are
differences of opinion with respect to the Court's holdings
regarding vicarious liability.  Specifically, Defendants contend
that substantial grounds for differences of opinion exist
regarding whether the Court properly followed Fonovisa and
Sinnott and ignored Adobe Sys. Inc. v. Canus Prods., Inc., 173 F.
Supp. 2d 1044 (C.D. Cal. 2001) and Artists Music, Inc. v. Reed
Publ'g Inc., No. 93-3428, 1994 U.S. Dist. LEXIS 6395 *13-14
(S.D.N.Y. 1994) -- two cases in which the courts concluded that
operators of trade shows did not have sufficient control over
activities to be vicarious liable for copyright infringement --
in concluding that Defendants had sufficient right and ability to
control activity in the market.  Defendants also argue that
"reasonable minds could certainly differ" regarding whether the
financial benefits realized by the Defendants was direct and
significant enough to impose vicarious liability because "no
prior case law relied on such a general finding that the mere
presence of CDs...at a flea market created a 'draw' to the
market...."  (Def.'s Br. at 11.)

9

Next, Defendants argue that substantial ground for difference of opinion exists regarding the Court's decision to "disregard[] Sony, Grokster, and Aimster, and, in the absence of Third Circuit precedent" rely on Fonovisa in finding Defendants liable for contributory infringement.[4] (Id. at 12.) Specifically, Defendants argue that a substantial ground for difference of opinion exists regarding the Court's adoption of the "constructive knowledge" standard as opposed to the "actual knowledge" standard applied in Sony and Grokster (cases involving whether a manufacturer who places a device into the stream of commerce can be liable for contributory copyright infringement.) (Id. at 13-14.)    Second, Defendants argue that there is a difference of opinion as to the Court's determination that Plaintiffs need not show that Defendants promoted or took affirmative steps to foster infringement to prove that Defendants "materially contributed" to copyright infringement.

### 2.    Analysis

There is not a substantial ground for difference of opinion on the applicable legal standards herein, for several reasons. First, Defendants imagine that the Court's March Opinion and Order depended entirely on Fonvisa and Sinnott.  This is not the case.  In holding that Defendants were vicariously liable, the

---

[4] See Sony Corp. v. Universal City Studios, 464 U.S. 417 1984); Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 125 S. Ct 2764 (2005); In re Aimster Copyright Litig., 334 F.3d 643, 646 (7th Cir. 2003).

Court relied on a variety of precedents.  Second, Defendants are incorrect when they assert that "there is no controlling Third Circuit precedent and very little authority nationwide..." to support the Court's holding.  To the contrary, the Court's March Opinion and Order relies on well-settled legal standards of contributory copyright infringement and vicarious liability from the Third Circuit and other circuit courts.  See Redd Horne, 749 F.2d at 160; Shapiro, Bernstein & Co., 316 F.2d at 307; Gershwin Publ'g. Corp., 443 F.2d at 1161.[5]

Finally, rather than presenting substantial grounds for difference of opinion, Defendants simply express their disagreement with the Court's discretionary conclusions and application of the two legal standards to the facts of the case. With respect to vicarious liability, Defendants' argument that the Court erred in finding the facts in this case more similar to those in Fonovisa and Sinnott than to those is cases involving trade shows (e.g., Adobe Systems, Inc. and Reed), does not mean

---

[5] Indeed, as Plaintiffs point out, Defendants appear to agree with the Court's recitation of the law, citing the same legal standards for vicarious and contributory liability in their brief in support of their motion as this Court cited in its March Opinion and Order.  (Compare Def.'s Br. at 6, 11 with Arista Records, Inc., No. 03-2670 slip op. at 24, 37).  These standards are uniformly recognized in virtually every judicial circuit.  See e.g., CoStar Group, Inc. v. LoopNet, Inc., 373 F.3d 544 (4th Cir. 2004); Gordon v. Nextel Commc'n and Mullen Advertising, Inc., 345 F.3d 922 (6th Cir. 2003); In re Aimster Copyright Litig., 334 F.3d 643, 646 (7th Cir. 2003); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004 (9th Cir. 2001); Alcatel USA, Inc. v. DGI Tech., Inc., 166 F.3d 772 (5th Cir. 1999); Cable/Home Commc'n Corp. v. Network Prod'ns, Inc., 902 F.2d 829 (11th Cir. 1990); RCA/Ariola Int'l Inc. v. Thomas & Grayston Co., 845 F.2d 773, 781 (8th Cir. 1988); Famous Music Corp. v. Bay State Harness Horse Racing and Breeding Ass'n, 554 F.2d 1213 (1st Cir. 1977).

that there is a substantial difference of opinion about the law, but that different courts have reached different conclusions based on different facts.  With respect to the Court's holding regarding contributory copyright infringement, again, Defendants do not appear to take issue with the Court's recitation of the law but disagree with this Court's conclusion that the facts of the case were analogous to <u>Fonovisa</u> and <u>Sinnott</u> (cases that involved liability for flea market operators) rather than to cases involving the distribution of products or internet services (<u>Sony</u> and <u>Aimster</u>)(the "staple article of commerce" doctrine) in holding Defendants liable.  Indeed, a party's voicing its different opinion as to a court's discretionary conclusions does not amount to a substantial ground for difference of opinion under Section 1292(b).  <u>See</u> <u>Kapossy</u>, 942 F. Supp. at 1001.

**C.   Materially Advance the Ultimate Termination of the Litigation**

Third, Defendants must prove that resolution of the issue to be appealed will materially advance the termination of the litigation.  <u>See</u> 28 U.S.C. 1292(b).  One "critical requirement [is] that [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation." <u>In re Duplan Corp.</u>, 591 F.2d 139, 148 n.11 (2d Cir. 1988). According to Defendants, if the Third Circuit "reverses the Court's denial of Defendant's motion for summary judgment and its granting of partial summary judgment in favor of the plaintiffs,

12

all of Plaintiffs' claims of vicarious copyright infringement
and...Plaintiffs' claims for contributory infringement will be
eliminated from the case." (Def.'s Br. at 18.) Doing so would
"save the Court...substantial time and effort that would
otherwise be expended in an unnecessary retrial of this matter."
(Id. at 19.)

Defendants are incorrect in their conclusion that, if the
Third Circuit agrees to displace Fonovisa and Sinnott as the
precedent to be relied upon, Plaintiffs' claims of secondary
liability will be eliminated. Instead, the result would simply
be (1) an undoing of this Court's previous grant of summary
judgment and (2) a trial of the disputed facts under the stricter
standards of secondary liability. Moreover, even if this Court
were to certify the March Opinion and Order for immediate
interlocutory appeal and Defendants were to prevail on every
issue, a trial would still be necessary on the issues of damages
and the liability of the individual defendants. Whether
Plaintiffs proceed to trial on one legal theory or two (and
irrespective of the number of works of authorship at issue), the
Court anticipates that such a trial will involve much of the same
witness testimony and evidence. Rather than "hav[ing] the
potential for substantially accelerating the disposition of the
litigation," see In re Duplan Corp., 591 F.2d at 148, certifying
these questions for interlocutory appeal will serve only to delay
a trial that will be needed regardless of the Third Circuit's

13

conclusions.  In short, Defendants' arguments for interlocutory appeal in the case are generic and are not stronger than such arguments for interlocutory appeal in the typical large case, which has been rejected as a matter of policy except in extraordinary circumstances.

## III. <u>CONCLUSION</u>

Defendants have failed to demonstrate that this Court's granting of Plaintiffs' and denial of Defendants' motions for summary judgment as to liability for contributory copyright infringement and vicarious liability represent such "exceptional circumstances" that justify departure from the basic policy of postponing review until the entry of the final order.  The development of the law is better served by trying what remains of this case so that, if appealed, the Third Circuit can have a complete record to review.  For the foregoing reasons, the accompanying Order will be entered denying Defendants' motion to certify this Court's March Opinion and Order for interlocutory appeal.  The accompanying Order is entered.

<u>October 10, 2006</u>                    <u>s/ Jerome B. Simandle</u>
Date                                    JEROME B. SIMANDLE
                                        United States District Judge

14